IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ELISA GONZALES,<br>     Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. _____ |
| GEICO GENERAL INSURANCE<br>COMPANY,<br>     Defendants | §<br>§<br>§<br>§<br>§ | |

---

## NOTICE OF REMOVAL
---

COMES NOW, Defendant Government Employees Insurance Company ("Defendant" or "GEICO"), incorrectly named as GEICO General Insurance Company, and submits the following Notice of Removal pursuant to Title 28, §§ 1332, 1441, and 1446 of the United States Code and Local Rule CV-81.  As grounds for this removal, Defendants state as follows:

### THE STATE COURT ACTION

1.      Plaintiff Elisa Gonzales (hereafter "Gonzales") commenced an action against Defendant in the 431st Judicial District Court of Denton County, Texas, Cause No. 315-00933-431, on or around February 5, 2015.[1]  In her Original Petition ("Petition"),[2] Gonzales alleges that she was injured as the result of an automobile accident that occurred on or about July 21, 2011. Gonzales claims she was riding as a passenger in non-party Rebecca Reed's ("Reed") vehicle driven by non-party Christopher Sanchez ("Sanchez ").[3] *See* Petition (Attach. B-1) at 2.  At the time of the accident in question, Reed's vehicle was insured by a policy written by GEICO.

---

[1]  A printout of the docket from the state court case is attached to this Notice of Removal as Attachment A.

[2]  A copy of the Original Petition is included with this Notice of Removal as Attachment B-1.

3 As noted in her Original Petition, Plaintiff filed suit against Sanchez and was awarded judgment upon jury verdict of $215,730.75.

2.      Gonzales contends she was covered as an "insured" as defined by the policy due to her status as a passenger in Reed's vehicle and is therefore entitled to Underinsured Motorists ("UIM") benefits under Reed's GEICO policy. *Id.* at 3-5.  Gonzales further alleges that GEICO has improperly handled her claim for UIM coverage benefits, and has failed and refused to properly pay any UIM benefits to her under the policy. *Id.*

Accordingly, in addition to her claim that GEICO owes her UIM coverage benefits under the policy as a result of the accident, Gonzales asserts other claims for relief and/or causes of action against GEICO, and seeks additional damages, for: (a) Section 541.060 of the Texas Insurance Code; (b) Section 542.060 of the Texas Insurance Code;  (c) Section 542.058 of the Texas Insurance Code; (d) Section 542.056 of the Texas Insurance Code; (e) breach of the common law duty of good faith and fair dealing.  *See* Petition (Attach. B-1) at 4-6.

3.      In her Petition, Gonzales specifically seeks monetary relief from GEICO of more than $200,000 but not more than $1,000,000. (*see* Petition, Attach. B-1, at 2), which is based, among other things, on the following claimed damages: loss of the benefits that should have been paid pursuant to the policy; mental anguish; court costs; attorneys' fees; and interest on the damages suffered as a result of the injury; and costs.  *See* Petition (Attach. B-1) at 7-8.

4.      On or about March 6, 2015, GEICO filed its Answer to Plaintiff's Original Petition, which included its specific denials and affirmative defenses.   *See* GEICO's Answer to Plaintiff's Original Petition, included with this Notice of Removal as Attachment B-2.

5.      The case is currently pending in the 431st Judicial District Court of Denton County, Texas.  Pursuant to Rule CV-81(c)(2) of the Local Rules, a true and correct copy of all pleadings, motions, and other papers filed in the 431st Judicial District Court for Denton County, Texas are included as attachments with this Notice of Removal, along with an index identifying

same.

## JURISDICTION

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and §1441(a) because the parties are citizens of different States and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7.      <u>Diversity</u>:  According to the Petition, Gonzales is a resident of the State of Texas. *See* Petition (Attach. B-1) § III, at 2.  Upon further information and belief, Gonzales is a citizen of the State of Texas.  Defendant is a citizen of Maryland because it is a Maryland corporation with its principal place of business in Maryland.  *See* Declaration of Robert Miller, included with this Notice of Removal as Attachment D.  Accordingly, 28 U.S.C. §1332(a) of the United States Code allows this Court to exercise jurisdiction over this action.

8.      <u>Amount in Controversy</u>:  The amount in controversy is in excess of $75,000.00. In her Petition, Gonzales alleges that the damages she has suffered as a result of the accident in question exceeds the $30,000 policy limits of the tortfeasor (Sanchez), that he is thus underinsured, and that she is entitled to UIM benefits because of the accident (the UIM limits on the policy at the time of the accident are $30,000 per person/$60,000 per occurrence (*see* Attachment E included with this Notice of Removal, the Declarations Page)).  As a result, Gonzales contends that (a) GEICO owes her UIM benefits under the policy as a result of the accident, and (b) that GEICO has improperly handled her UIM claim by failing and refusing to properly pay UIM benefits to her under the policy, in violation of the Texas Insurance Code and the common law duty of good faith and fair dealing, and thus she is entitled to additional damages.  *See* Petition (Attach. B-1) at 4-6.  And in her Petition, Gonzales specifically seeks monetary relief from GEICO of more than $200,000.  *Id*. at 2.  Therefore, on the face of the

Petition, the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1446(c)(2).

9.      Because this civil action only involves citizens of different states, and the amount in controversy exceeds $75,000.00, this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) and removal is proper under 28 U.S.C. §1441.

## TIMELY REMOVAL

10.      Pursuant to Title 28 section 1446(b) of the United States Code, removal of this matter has been timely effectuated within thirty days after the receipt by GEICO, through service or otherwise, of a copy of the pleading or other paper setting forth the claim for relief upon which such action or proceeding against GEICO is based.  GEICO was served with a copy of Plaintiff's Original Petition on February 12, 2015.  This Notice of Removal, filed on March 13, 2015 is within 30 days of such receipt.

## SERVICE

10.      Copies of this Notice of Removal are being served upon all parties to this action. Notice of this removal is also being filed with the 431st Judicial District Court for Denton County, Texas.

Respectfully submitted this 13th day of March 2015.

Respectfully submitted,

**PERRY LAW P.C.**


By: _____ */s/ Stacy Thompson* _____
        Meloney Perry
        State Bar No. 00790424
        Stacy Thompson
        State Bar No. 24046971
        Tiffany Au
        State Bar No. 24075842

        10440 North Central Expressway, Suite 1120
        Dallas, TX 75231
        (214) 265-6201 (Telephone)
        (214) 265-6226 (Facsimile)
        mperry@mperrylaw.com
        sthompson@mperrylaw.com
        tau@mperrylaw.com

        **ATTORNEYS FOR DEFENDANT
        GOVERNMENT EMPLOYEES INSURANCE
        COMPANY**


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record on this 13th day of March 2015 in accordance with the Texas Rules of Civil Procedure:

Scott Robelen
Bailey and Galyen
4131 N. Central Exprwy., Suite 860
Dallas, Texas 75204


                                    _____ */s/ Stacy Thompson* _____
                                            Stacy Thompson

00024780.DOCX