FILED: 2/5/2015 3:14:36 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Shelley Mccutcheon, Deputy

CAUSE NO. ___15-00933-431___

| | | |
|---|---|---|
| ELISA GONZALES | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| GEICO GENERAL INSURANCE | § | |
| COMPANY | § | |
| Defendant. | § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** ELISA GONZALES ("Plaintiff"), and file this *Plaintiff's Original Petition and Requests for Disclosure*, complaining of GEICO General Insurance Company ("Defendant Geico") and for cause of action, Plaintiff shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.4.

### PARTIES

2.     Plaintiff Elissa Gonzalez is an individual residing in Denton County, Texas. The last three digits of Plaintiff's driver's license number are 223 and the last three digits of her social security number are 552.

3.     Defendant GEICO General Insurance Company is a foreign insurance company engaging in the business of insurance in the state of Texas. This defendant may be served with personal process or certified mail, on its Attorney for Service, Gregory S. Jacobi, 4201 Spring Valley Road, Dallas, Texas 75244.

## JURISDICTION

4.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend her petition during and/or after the discovery process.  The Court has jurisdiction over the parties in this matter.

## VENUE

5.    Venue is proper in Denton County Texas because it is the county in which Rebecca Reed, the named policy holder, resided at the time of the accident involving the underinsured motor vehicle.  *See* TEX. INS. CODE § 1952.110.

## FACTS

6.     On or about July 21, 2011, Plaintiff was the restrained passenger in a vehicle driven by Christopher Sanchez ("Mr. Sanchez") and owned by Rebecca Reed traveling northbound on Interstate Highway 35 in Valley View, Cooke County, Texas.  Suddenly and without warning, Mr. Sanchez failed to pay attention and observe the existing conditions of the road, and crashed into a guardrail bordering the left lane of the highway for northbound travelers. The collision caused Plaintiff to suffer sever and permanent injuries.  Plaintiff filed suit against Mr. Sanchez, for her injuries resulting from Mr. Sanchez's negligence, and was awarded judgment upon jury verdict in the amount of $215,730.75 plus interest.

7.    The above-described vehicle was owned by Rebecca Reed ("Ms. Reed") and covered under an automobile policy issued by Defendant Geico.  Mr. Sanchez's personal policy was issued by ACCC Insurance Company.  The automobile liability insurers, ACCC Insurance Company and GEICO, had policy limits totaling only $60,000.00.  Both policies have been paid

toward the judgment.  A portion of the judgment, which Sanchez is legally obligated to pay, with accruing interest, remains unpaid.

## UNDERINSURED MOTORIST CLAIM

8.    Plaintiff, as a passenger in the vehicle owned by Ms. Reed, was a covered as an "insured" as defined in Ms. Reed's policy issued by Defendant Geico.  Plaintiff's damages resulting from the negligence of Sanchez, as determined by the jury, greatly exceed all liability coverages available to pay for such damages, thereby defining Sanchez as "underinsured" under Texas Insurance Code § 1952.103.   Therefore, Plaintiff is entitled to payment from the underinsured portion of Ms. Reed's policy issued by Defendant Geico.  See TEX. INS. CODE § 1952.106.  Further, Plaintiff's damages and Sanchez's liability for payment of the same have been established by a jury's verdict following trial to which GEICO consented.

9.    Plaintiff subsequently submitted a claim to Defendant Geico for underinsured motorist benefits under the terms of Ms. Reed's policy.  Defendant Geico wholly failed to conduct any investigation of Plaintiff's claim, resulting in the claim being arbitrarily and capriciously wrongfully denied.  To date, Defendant Geico continues to deny and/or delay in the payment for damages of Plaintiff's underinsured motorist claim.  Defendant Geico failed to perform its contractual duties to adequately compensate Plaintiff under the terms of Ms. Reed's policy.  Specifically, Defendant Geico refused to any proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover Plaintiff's damages, and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff.

10.     Defendant Geico failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its clear liability to Plaintiff under the policy.  Defendant Geico's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

11.     Defendant Geico failed to explain to Plaintiff any valid or legal reasons for its denial of Plaintiff's claim and/or offer of an inadequate settlement.  Specifically, Defendant Geico failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendant Geico did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Geico's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

12.     Defendant Geico failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant Geico.  Defendant Geico's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

13.     Defendant Geico failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment of her claim. Defendant Geico's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

14.     Defendants Geico knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

15.     As a result of Defendant Geico's wrongful acts and/or omissions, Plaintiff was forced to retain the professional services of the attorneys who are representing her with respect to these causes of action.

### CAUSES OF ACTION AGAINST DEFENDANT GEICO

16.     Plaintiff is not making any claims for relief under federal law.

17.     Defendant Geico is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

18.     Defendant Geico's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

19.     Defendant Geico's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim, even though Defendant Geico's liability under Ms. Reed's policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

20.     Defendant Geico's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

21.     Defendant Geico's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

22.     Defendant Geico's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

23.     Defendant Geico's failure to notify Plaintiff in writing of its acceptance or rejection of Plaintiff's claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

24.     Defendant Geico's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

25.     Defendant Geico's conduct constitutes a breach of the duty of good faith and fair dealing under Texas law.  Plaintiff, as a covered individual under Ms. Reed's policy issued by Defendant Geico, had a special relationship with Defendant Geico.

26.     Defendant Geico's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although Defendant Geico's liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

27.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES AGAINST DEFENDANT GEICO

28.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

29.    As discussed, Plaintiff continues to suffer injuries as a result of Defendant Geico's mishandling of her claim.

30.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

31.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

32.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

33.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUESTS FOR DISCLOSURE

34.    Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendant Geico disclose within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**BAILEY & GALYEN**
4131 N. Central Expy., Suite 860
Dallas, Texas 75204
(214) 252-9099 - Office
(214) 520-9941 – Facsimile
srobelen@galyen.com – Email

By:     /s/ Scott G. Robelen
        Scott G. Robelen
        Texas State Bar No.: 16990045
        Jonathan P. Hernon
        Texas State Bar No.: 24085374

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Original Petition And Requests for Disclosure were served upon Defendant Geico General Insurance Company in accordance with the Texas Rules of Civil Procedure.

        /s/ Scott G. Robelen
        Scott G. Robelen